Edward D. McANDREWS, as Trustee of Iyanough Realty Trust, Plaintiff,

v.

NEW BANK OF NEW ENGLAND, N.A. and Federal Deposit Insurance Corporation, Defendants.

Civ. A. No. 91–11229–T.

United States District Court, D. Massachusetts.

Aug. 6, 1992.

---

Edward Robert Wiest, Tarlow, Breed, Hart, Murphy & Rodgers, Boston, Mass., for plaintiff.

Robert P. Sherman, Widett, Slater & Goldman, Leila R. Kern, Kern, Sosman, Hagerty, Roach & Carpenter, Boston, Mass., for defendants.

**MEMORANDUM**

TAURO, Chief Judge.

Plaintiff Edward McAndrews, as Trustee of Iyanough Realty Trust, seeks a declaratory judgment that its leasing arrangement with the Bank of New England ("Bank") was terminated upon insolvency of the Bank. At issue is the constitutionality of a provision in the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821 *et seq.*, that prevents a contracting party from terminating a contract with a bank in receivership. The parties' Motions for Summary Judgment are before the court.

**I.**

In May 1969, the plaintiff's predecessor leased property at 375 Iyanough Road, Hyannis, Massachusetts to the Bank's predecessor. The lease provided for its termination upon appointment of a receiver for the lessee.[1] In April 1989, the Bank renewed the lease for a term of twenty years. On January 6, 1991, the Bank was declared insolvent, and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver of the Bank. Pursuant to 12 U.S.C. § 1821(n), the FDIC organized the New Bank of New England ("New Bank"), a defendant in this action, as a bridge bank. Plaintiff served a notice to quit upon New Bank, on January 10, 1991, asserting that the lease had been terminated by reason of the appointment of the FDIC as receiver for the Bank. The FDIC subsequently informed plaintiff that he could not enforce an "ipso facto" clause against the FDIC. This action ensued.

**II.**

Congress enacted FIRREA "for the rational purpose of broadly protecting inves-

---

1. Specifically, the lease provided that
[I]f the Lessee is closed or taken over by the banking authority of the Commonwealth of Massachusetts or other bank supervisory authority, or if any assignment shall be made of the Lessee's property for the benefit of creditors, or if a receiver, trustee in bankruptcy or similar officer shall be appointed to take charge of all or any part of the Lessee's property by a court of competent jurisdiction ...

then, in any of said events, the Lessor lawfully may immediately or at any time thereafter and without demand or notice, enter upon the premises or any part thereof in the name of the whole, and repossess the same as of the Lessor's former estate and expel the Lessee and those claiming through or under the Lessee ... and upon such entry this lease shall terminate.
Compl. ¶ 9.

tors, promoting the health of the thrift industry, and staunching immense fiscal damage to the nation's treasury." *Ensign Financial Corp. v. FDIC*, 785 F.Supp. 391, 405 (S.D.N.Y.1992). 12 U.S.C. § 1821(e)(12)(A), entitled Authority to Enforce Contracts, provides:

> The conservator or receiver may enforce any contract ... entered into by the depository institution notwithstanding any provision of the contract providing for termination, default, acceleration, or exercise of rights upon, or solely by reason of, insolvency or the appointment of a conservator or receiver.

In other words, FIRREA prohibits a party that has a contract with an insolvent bank from invoking any "ipso facto" clause contained in the contract against the FDIC.

Plaintiff makes two arguments. First, he asserts that applying § 1821(e)(12)(A) to leases entered into prior to enactment of FIRREA, on August 9, 1989, is an improper retroactive application. He further maintains that FIRREA's application here would constitute a taking of property in violation of the Fifth Amendment.[2]

### A.

■ As an initial matter, plaintiff claims that the court should not retroactively apply § 1821 to pre-FIRREA leases because it would contravene recent Supreme Court case law. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988) ("congressional enactments ... will not be construed to have retroactive effect unless their language requires that result.").

This court concludes, however, that application of FIRREA to the facts of this case is prospective. In *Allied Corp. v. Acme Solvents Reclaiming, Inc.*, 691 F.Supp. 1100 (N.D.Ill.1988), the court stated that "[t]he effective date of a statute implicates conduct taken on or after that date. Application of the statute to such conduct is deemed prospective." *Id.* at 1110. *See also United States E.P.A. v. New Orleans*

*Public Service, Inc.*, 826 F.2d 361 (5th Cir. 1987) ("A law is not made retroactive because it alters the existing classification of a thing. Nor is a law retroactive if it draws upon antecedent facts for its operation.").

Here, plaintiff's right to invoke the termination clause did not mature until January 6, 1991, when the FDIC became the receiver of the Bank. His right under the lease, therefore, had not "matured or become unconditional," *Bradley v. School Bd.*, 416 U.S. 696, 720, 94 S.Ct. 2006, 2020, 40 L.Ed.2d 476 (1974), until that date, which was seventeen months after the effective date of FIRREA. Accordingly, this court determines that applying FIRREA to the facts of this case is appropriate.

### B.

■ To determine whether there has been a taking, the court should look at "[t]he economic impact of the regulation on the claimant and ... the extent to which the regulation has interfered with distinct investment-backed expectations...." *Lucas v. South Carolina Coastal Council*, —— U.S. ——, —— n. 8, 112 S.Ct. 2886, 2895 n. 8, 120 L.Ed.2d 798 (1992) (citing *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 124, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631 (1978)). The court should be mindful, moreover, that " 'legislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations.' " *Pension Ben. Guaranty Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 729, 104 S.Ct. 2709, 2718, 81 L.Ed.2d 601 (1984) (quoting *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 16, 96 S.Ct. 2882, 2893, 49 L.Ed.2d 752 (1976)); *see also Penn Central*, 438 U.S. at 124, 98 S.Ct. at 2659 ("[G]overnment may execute laws or programs that adversely affect recognized economic values.").

Under this test, there has been no taking here. In the first place, plaintiff still re-

---

**2.** "No person shall ... be deprived of life, liberty or property without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V.

ceives, from New Bank,[3] the rent for which he bargained. There has been, therefore, no transfer of wealth from the plaintiff to the public domain. *See, e.g., Lucas,* ——— U.S. at ———, 112 S.Ct. at 2894–95 ("[R]egulations that leave the owner of land without economically beneficial or productive options for its use ... carry with them a heightened risk that private property is being pressed into some form of public service...."); *Penn Central,* 438 U.S. at 123, 98 S.Ct. at 2659 (Fifth Amendment is "designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.") (citation omitted).

Second, the Supreme Court has determined that "where an owner possesses a full 'bundle' of property rights, the destruction of one 'strand' of the bundle is not a taking, because the aggregate must be viewed in its entirety." *Keystone Bituminous Coal Assn. v. DeBenedictis,* 480 U.S. 470, 497, 107 S.Ct. 1232, 1248, 94 L.Ed.2d 472 (1987) (quoting *Andrus v. Allard,* 444 U.S. 51, 65–66, 100 S.Ct. 318, 327, 62 L.Ed.2d 210 (1979)). In the instant case, the enactment of FIRREA deprived plaintiff only of his right to terminate the lease when the FDIC was appointed the receiver of the Bank. It did not deprive the plaintiff of his complete "bundle" of rights flowing from the landlord-tenant relationship as established in common law and in the lease. Accordingly, § 1821(e)(12)(A) does not amount to a taking of property in violation of the Fifth Amendment.[4]

For the foregoing reasons, defendants' Motion for Summary Judgment is ALLOWED and plaintiff's Motion for Summary Judgment is DENIED.

---

**3.** There is some indication in the record that Fleet Bank of Massachusetts ("Fleet") acquired the leasehold interest from the FDIC as receiver for New Bank. *See* Defs.' Mem. in Supp. of Cross Mot. for Summ.J. at 4 n. 1. Regardless, the plaintiff still receives rental payments from a tenant, whether it be New Bank or Fleet.

**4.** Other courts adjudicating FIRREA claims have rejected the takings argument. *See, e.g., North Arkansas Medical Center v. Barrett,* 962 F.2d 780, 790 (8th Cir.1992); *Ensign,* 785 F.Supp. at 404–405 (S.D.N.Y.1992).